**UNITED STATES of America**

v.

**Roberto BAEZ–ALCAINO, etc., et al.**

**No. 88–328–CR–T–17(B).**

United States District Court, M.D. Florida, Tampa Division.

Aug. 15, 1989.

Mark Jackowski, Asst. U.S. Atty., for U.S.

Robert Cannella, Tampa, Fla., Lance Armstrong, Miami, Fla., Harold Greenberg, Los Angeles, Cal., Arthur Katz, Redlands, Cal., Henry Gonzalez, Tampa, Fla., for Baez–Alcaino.

ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on all pending motions.

PROCEDURAL HISTORY

The original indictment in this cause of action was filed October 4, 1988, against the following Defendants: 1) Roberto Baez–Alcaino, a/k/a "the Jeweler"; 2) Joaquin Casals, a/k/a "Joe"; 3) Felix Zabala, a/k/a "Tuto"; 4) Juan Tobon; 5) Carlos Alberto Diaz–Gomez; 6) Gloria Alcaino;

and 7) Hector Morales, a/k/a "George", a/k/a "Augustine." A superseding indictment was filed November 10, 1988, which added the following defendants: 8) Cecelia Carajal–Hoyos and 9) Edgar Rendon Nino.

The cause of action was noticed, in the public records, for trial for July 5, 1989, with jury selection scheduled for 12:30 p.m. on that date. On July 5, 1989, at the time selected for the trial to start, the Court was notified by the Government that plea agreements had been reached with those Defendants then scheduled for trial. (There are two defendants, Carlos Alberto Diaz–Gomez and Hector Morales, who remain fugitives in this case and Defendant Tobon had previously changed his plea on June 9, 1989, by means of closed proceedings and a sealed plea agreement (without public notice), so six (6) defendants were scheduled for trial on July 5, 1989).

A representative from the Tampa Tribune was in the courtroom at the time the Government announced the entry into plea agreements for the six (6) defendants. There were oral requests made by Defendants Roberto Baez–Alcaino, Gloria Alcaino, Edgar Rendon Nino, and Joaquin Casals, whose pleas were to be taken on July 5, 1989, to seal the plea agreements and to hold the change of plea proceedings *in camera*.

The representative of the Tampa Tribune objected to the closure of the plea agreements and the proceedings. The Court instructed the Tribune representative to notify the paper's counsel and have him or her come to the courthouse to argue the matter. In the meantime, the Court proceeded with the taking of the pleas of the four (4) defendants, Baez–Alcaino, Alcaino, Nino, and Casals, *in camera*.

As soon as counsel for the Tampa Tribune arrived, the Court recessed the *in camera* proceeding and heard argument from the Tribune, defendants, and the government on the issue of the propriety of the closure of the plea agreements and the taking of the plea proceedings. The Court, after hearing those arguments, made a discretionary determination of compelling government interest to support the sealing of the original plea agreements and to hold the proceedings *in camera* as to Defendants Roberto Baez–Alcaino, Gloria Alcaino, Edgar Rendon Nino, and Joaquin Casals.

The Court ordered that the Government and defendants file redacted or edited plea agreements with the Court for consideration and for filing in the public records. The Government, with the approval of the respective defendants, noticed the Court of the filing of redacted plea agreements on July 6, 1989, for defendants Baez–Alcaino, Alcaino, Casals, and Nino. The redacted plea agreements for defendants Casals, Baez–Alcaino, and Alcaino were filed in the public records on July 6, 1989.

As to Defendant Edgar Rendon Nino, the original plea agreement was filed *in camera* upon the stipulation that, if and when a subsequent event occurred, the plea would be unsealed. Parenthetically, the triggering event occurred with the public change of plea effected by Defendant Cecelia Carajal–Hoyos. Therefore, the original plea agreement of Defendant Edgar Rendon Nino now has been or will be unsealed and filed in the public records.

A redacted plea agreement was filed on July 27, 1989, as to Defendant Felix Zabala. The original plea agreement of Defendant Zabala and the side-bar proceedings of July 5, 1989, remain under seal, but Defendant Zabala's change of plea was taken in open court. The plea agreement of Defendant Cecelia Carajal–Hoyos was filed in the public records on August 4, 1989. (The Court, in exercise of her discretion, ordered the courtroom deputy clerk to provide notice to the parties requesting intervention for the change of plea proceedings for Defendants Zabala and Carajal–Hoyos). The redacted plea agreement of Defendant Juan Tobon was filed in the public records on August 14, 1989.

On July 10, 1989, the Times Publishing Company filed a motion for limited intervention in opposition to sealed plea agreements, closure of pre-trial proceedings, and request for oral argument. The Times sought to be heard in opposition to the sealing of the plea agreements, without

public notice, on July 5, 1989; to be heard in future pre-trial proceedings where closure was requested; and to receive notice of any future attempts at closure. The motion, as relief, requested, the unsealing of all plea agreements, in their entirety, and to provide the Times with the full text of all *in camera* proceedings.

A motion to intervene for the limited purpose of petitioning for access and petition for access was filed by the Tribune Company on July 11, 1989. The Tribune motion was similar to the motion of the Times with the addition of one issue. The Tribune motion attacked the policy of the Middle District of Florida as to the method of docketing *in camera* material.

The Government responded to the Times motion to intervene on July 17, 1989. The Government conceded that limited intervention was appropriate, but asked the Court to deny all other portions of the Times motion pending consideration of the written motions to seal the plea agreements and responses thereto were considered and ruled on by the Court. The Court on July 26, 1989, granted the Times Publishing Company's motion for limited intervention and deferred ruling on all other issues of the Times motions.

On July 25, 1989, the Court granted the Government's motion to have a transcript made of the *in camera* proceedings of July 5, 1989, for the purpose of redacting or editing the transcript for filing in the public records.

On July 31, 1989, the Government filed a response to the motion of the Tribune Company for limited intervention. The Government does not oppose the granting of the request for limited intervention but opposes the remainder of the motion. The Court finds that the portion of the motion of the Tribune Company seeking limited intervention should be granted.

The Court granted the request for oral argument. Argument was heard at the time of the change of plea of Defendant Zabala on August 4, 1989, as to the issues raised by the intervenors. The Court also held oral argument for all interested parties on August 14, 1989.

## DISCUSSION

■ The Court is faced with several issues which have been raised by the intervenors. The Court will first address the issue that the intervenors and the public should have received prior notice of the *in camera* proceedings of July 5, 1989. The Court finds this argument specious.

As pointed out by Theda James, Assistant Federal Public Defender, on August 14, 1989, the timing of the plea agreements to the scheduled trial obviate the ability to give prior notice. The six (6) defendants which were scheduled for trial July 5 did not make the final decision to change their pleas until immediately prior to the commencement of trial; there was no time to furnish notice to the public or the intervenors, even assuming such notice is required.

Intervenors the Times and the Tribune assert that because a First Amendment right is at issue, this Court must determine whether or not closure is essential (there is a compelling government interest) and whether or not the closure or sealing is narrowly tailored to accomplish the ends which is sought by the closure. The intervenors object to the Court assigning the task of redacting the plea agreements to the Government and claim it to be an abrogation of this Court's responsibilities.

The Court, in light of the chronology of the events of this cause, was faced with the necessity of taking oral requests for closure and sealing of the plea agreements and proceedings. In order to preserve the compelling interests which confronted it, the Court took those steps necessary to protect the interests involved until written motions and arguments could be taken on the question of closure. The steps outlined were taken in the exercise of responsible discretion.

■ One of the steps taken by the Court was to have the Government and defense counsel prepare redacted plea agreements for the Court to consider for filing in the public records, in order to as narrowly as possible tailor the closure to the protection

of the compelling government interests which were being threatened.

The Court is not convinced by the arguments of the intervenors that the responsibilities of the Court have been abrogated by the procedure in this case. The Court has, upon receipt of the redacted plea agreements, reviewed the redacted and original plea agreements and made an independent determination that the appropriate portions of the agreements have been edited out, and, that the redacted agreements are narrowly tailored to serve the compelling governmental interest and to provide as much information as possible to the public, without creating the harm which is sought to be avoided.

■ The last issue raised by the intervenor the Tribune Company, and now joined in by the Times Publishing Company, goes to the policy of the Middle District of Florida as to the docketing of *in camera* material. The Tribune Company initiated a dialogue with the Chief Judge of the Middle District of Florida, Wm. Terrell Hodges, in January, 1988, regarding this issue.

On January 29, 1988, counsel for the Tribune wrote Judge Hodges to alert him of "an administrative problem which now exists in the Middle District of Florida concerning public notice of *in camera* filings." The Tribune indicated that the problem could, in its opinion, be addressed effectively by an addition to the Local Rules of the Middle District.

The letter recited the policy in the Criminal Clerk's Office as to *in camera* material, to be *not* to note on the docket sheet specific sealed material, but merely to note on the top of the docket sheet that *in camera* filings had been made in the case. The Tribune stated its position as follows:

The Clerk's present practice makes it impossible for the public and the press to know when or if to object to closure because no mechanism for notice exists. There is no way to know how frequently *in camera* motions and resulting hearings and orders are occurring or how dispositive these actions may be of issues and facts which are of public importance. The Tribune understands that there are

occasionally circumstances warranted by a party's trade secret, the constitutional rights of the defendant or the mandates of Rule 6, Federal Rules of Criminal Procedure, which require secrecy. Nonetheless, closure should occur only after the balancing of interests and upon finding that the presumption of openness has been overcome in a specific instance. As it now stands individual counsel can decide virtually on an *ad hoc* basis to file documents *in camera* without notice to the public or the press and with little or no judicial scrutiny.

The Tribune requested that public notice be afforded to the public and press through the docket sheet. The letter suggested that the date of filing, but not the substance of the *in camera* document, should appear on the public docket sheet. The Tribune asserted that the suggested procedure would provide reasonable notice to interested observers.

On February 4, 1988, Chief Judge Hodges acknowledged the Tribune's letter and informed its counsel that the proposal for a change in the local rules had been placed on the agenda for the next regular judge's meeting. By letter of April 4, 1988, Chief Judge Hodges informed the Tribune that, after consideration, the proposed local rule change had been rejected; however, the letter did reflect a change in the local policy as to judicial scrutiny of requests for closure.

Donald Gifford, Esq., Chairman of the Federal Rules, Education & Liaison Committee, corresponded with the Chief Judge on April 28, 1988, as to the subject of docketing of *in camera* materials. The committee opposed the proposed rule change of the Tribune and supported the existing procedure of this district.

On July 12, 1989, apparently in response to the events in this case, the Tribune once again wrote to Chief Judge Hodges to urge modification of the procedure governing *in camera* docketing. The Chief Judge, on August 1, 1989, acknowledged the letter and stated that he perceived "no present sentiment on the part of the Judges of the

Middle District to further alter our procedure in this area which seem to be working well."

The policy under which the Middle District of Florida Clerk's Office operates for docketing of *in camera* materials was developed as a result of the correspondence discussed previously. When a document is requested to be filed *in camera* it is presented to the appropriate judge to make a decision whether the document should be filed under seal, filed in the public documents, or returned to the submitting party, who may then file it in the public records if desired.

Once a document is ordered by the judicial officer to be filed *in camera*, the clerk is to stamp, in a conspicuous place on the face of the docket sheet, the phrase "SEALED AND/OR IN CAMERA MATERIALS FILED SEPARATELY." No further entries are made on the public docket sheet as to the *in camera* material. An individual judge has the discretion to amend the general procedure in any case in which he or she decides it is appropriate.

The policy developed takes many things into consideration. As stated by Defense Attorney Harold Greenberg, at the August 14, 1989, oral argument, this country is engaged in a "war" on the criminal front, particularly in regard to the use and sales of drugs. As in any war, it is not expedient or intelligent to disclose your battle plans and tactics to the enemy or to expose your "warriors" to retaliation and danger. Exposure of your strategy would serve to discourage persons who wish to make amends for their previous illegal activities from becoming "warriors" and informants in the strife.

The Court here, and in many other cases, is dealing with life and death matters. As in any war, the danger to and safety of all involved must be a major concern. If the public docket sheet is annotated in any manner for each sealed document it is conceivable, perhaps even probable, that the "discerning eye" will be able to ascertain from the "bare bones" entry that which is of compelling interest to be concealed and

to cause the very harm which the Court is attempting to prevent.

Additionally, as pointed out by Defense Attorney Henry Gonzalez, the role of the Government as representative of the "public" is a check on the uncurbed sealing of materials. In requesting or acceding to a request for closure or sealing, the Government is implementing precautions to protect the prosecutorial pursuit of those who are, in derogation of the public interest, committing illegal activities.

In this case the Court has upheld much of the policy as outlined above, but has also found exceptional circumstances which required procedures differing from the norm. In the exercise of responsible discretion, the Court impartially and in the parameters of the local policy, and so as not to create a deviation in the policy, determined to voluntarily direct the courtroom deputy clerk to provide undocketed notice to intervenors of those events to which it discerned the intervenors might be interested, i.e. the change of pleas of Defendants Zabala and Defendant Carajal–Hoyos.

The Court has provided the intervenors with the requisite notice of proposed *in camera* filings or procedures in this cause and provided them with the opportunity to oppose such closure or sealing. The Court has determined the appropriateness of the closures and sealings in this case, on an individual basis, by determining the existence of compelling governmental interests in such closures and by narrowly tailoring the materials which are closed to address those interests. The Court finds that the remainder of the issues raised in the intervenors' motions are not well-taken in this cause of action.

At the time of the oral argument on August 14, 1989, counsel for the Times Publishing Company, George K. Rahdert, suggested that a "sunset" provision would be helpful to provide against sealing in perpetuity. The Government announced no objection to the proposal. By use of a "sunset" after passage of a reasonable time, in regard to sealed or closed material, the Court can assist the Clerk's Office and provide administrative relief in terminated

and concluded proceedings which do not need to remain sealed or closed.

In this case, the Court will order that one (1) year after the date of the filing of the respective original plea agreements herein, said respective original plea agreements shall be unsealed and made public. In order to maintain the sealed or closed status of any material, there must be an appropriate motion filed, within thirty (30) days prior to the expiration of the respective one (1) year deadlines, to extend the status quo for an additional, express period of time. Repeated extensions may be permitted if justified.

ORDERED that the motion of the Tribune Company for limited intervention be granted; in all other respect the motions of the Tribune Company and of the Times Publishing Company be denied; and all *in camera* materials shall be unsealed and made a part of the public records within one (1) year of the date of the filing of the respective original plea agreements, unless within thirty (30) days prior to the expiration of the respective one (1) year an appropriate motion is filed, and ultimately, granted.

DONE and ORDERED.